IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BAR J SAND & GRAVEL, INC.,
a New Mexico corporation,

    Plaintiff,

v.   No. Civ. 15-228 SCY/KK

FISHER SAND & GRAVEL CO.,
a North Dakota corporation, doing business
in New Mexico through its division
SOUTHWEST ASPHALT & PAVING,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff Bar J Sand & Gravel, Inc.'s Motion to Bifurcate Issue of Attorneys' Fees for Enforcement of the Contract and Memorandum Brief in Support Thereof, filed August 28, 2015. ECF No. 60. The Court, having reviewed the motion, briefs, relevant law, and otherwise being fully advised, concludes that the motion is premature and shall therefore be **denied without prejudice**. In addition, the Court will enter a stay of discovery as to enforcement-related attorney fees.

**A.   Background**

On March 19, 2015, Plaintiff Bar J Sand & Gravel, Inc. ("Bar J") initiated this lawsuit against Defendant Fisher Sand & Gravel Co. ("Fisher") alleging that Fisher breached an Exclusive Supply Agreement ("ESA") entered into between the parties. *See* ESA, ECF No. 6-1; First Am. Compl. ¶ 4, ECF No. 38. The ESA provided that Bar J, as the "Supplier," would exclusively sell a minimum quantity of material located within the Pueblo of San Felipe each year to Fisher, the "Customer." First Am. Compl. ¶ 8. The initial term of the ESA was a period of five years commencing on June 28, 2007, the effective date of the ESA. First Am. Compl. ¶

14. The ESA further provided that Fisher could renew the ESA for an additional five years after the completion of the initial term. *Id.* Bar J alleges that Fisher renewed the ESA for an additional five years in 2012, but that Fisher subsequently breached the ESA by failing to make minimum purchases of material required under the agreement in calendar years 2012, 2013, 2014, and that Fisher also engaged in conduct that constituted violations of the material terms of the ESA. First Am. Compl. ¶¶ 30-61. Bar J raises a number of breach of contract and declaratory judgment causes of action in its first amended complaint; in the alternative, Bar J also asserts a claim for negligent and intentional misrepresentation. *See* First Am. Compl., ¶¶ 65-108.

Fisher alleges in its answer that the ESA, and all of Fisher's obligations under the ESA, terminated on June 28, 2012—the expiration date of the initial five year term—because Fisher failed to timely exercise its renewal option. ECF No. 46, ¶ 7. In addition, Fisher has asserted several counter-claims against Bar J: intentional or negligent misrepresentation, violation of the New Mexico Unfair Practices Act, breach of contract, breach of the duty of good faith and fair dealing, declaratory judgment, and fraudulent inducement. *Id.* at 13-41.

Presently before the Court is Bar J's motion to bifurcate the trial and discovery related to the attorney fees it has incurred in seeking enforcement of the ESA. *See* ECF No. 60 (hereinafter "Mot."). Fisher filed a response opposing Bar J's motion for bifurcation. *See* ECF No. 65.

**B. Standard of Review**

Plaintiff Bar J brings its motion pursuant to Federal Rule of Civil Procedure 42(b), which states in pertinent part that the Court "may order a separate trial of one or more separate issues [or] claims" "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). "The trial court has considerable discretion in determining how a trial is to be conducted." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993); *see also*

*United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010) (stating that "[d]istrict courts have broad discretion in deciding whether to sever issues for trial"). Bifurcation is appropriate when the "interests [set forth in Rule 42(b)] favor separation of issues and the issues are clearly separable." *Angelo*, 11 F.3d at 964. "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Id.*

## C. Analysis

The attorney fees that Bar J seeks to bifurcate trial and discovery of are set forth in the section of the ESA covering Bar J's remedies in the event of a default by Fisher. Mot. at 3. Specifically, in the event of a default[1] by Fisher, the ESA provides that "[i]n the enforcement of the remedies provided herein, [Bar J] will treat all expenses of enforcement, including, without limitation, *legal*, accounting, and advertising fees, as Additional Payments then due and owing." *See* ESA ¶ 23(D) (emphasis added). Bar J argues in its motion that it will be prejudiced and may have to disclose attorney-client privileged information or work product during discovery if the Court declines to bifurcate trial and discovery of these enforcement-related attorney fees. Mot. at 3-5. For the following reasons, the Court will deny Bar J's motion without prejudice to any party's ability to seek such relief at a later time.

As an initial matter, the Court finds that Bar J's motion to bifurcate is premature. Bar J's argument that it is entitled to enforcement-related attorney fees rests on the assumption that the ESA is a valid and binding contractual agreement upon the parties. However, as Bar J itself acknowledges in its motion to bifurcate, Fisher has challenged the validity of the ESA beyond its initial term. Mot. at 3-4. In its amended answer, Fisher claims that the ESA was no longer valid

---

[1] The specific default provision in the ESA that Bar J relies upon provides that a default occurs if Fisher failed to "make any payment within fifteen (15) days after such payment is due." *See* ESA, ¶ 22A (ECF No. 6-1).

and binding on Fisher during the years (2012-2014) it failed to purchase the minimum tonnage amounts because Fisher failed to timely exercise its renewal option beyond the agreement's initial term. ECF No. 49 at 2. In response to Fisher's position, Bar J has filed motions for summary judgment and/or dismissal that are currently pending before the Court in which Bar J contends that: (1) Fisher renewed the ESA beyond its initial term, (ECF No. 103) and (2) the ESA was not materially modified, (ECF No. 105) and (3) no other contracts were entered into by the parties. (*Id.*). Thus, it is readily apparent that whether the ESA was a valid and binding agreement is disputed. Until the Court resolves the parties' disputes regarding the validity of the ESA, bifurcation of this action as to any specific section of the ESA—including the enforcement-related attorney fees that Bar J's motion is directed to—is premature.

In addition, Bar J has not demonstrated that bifurcation of enforcement-related attorney fees will further any of the purposes identified in Rule 42(b). *See id.* (stating that the court may order bifurcation for "convenience, to avoid prejudice, or to expedite and economize"). In particular, the Court is not persuaded by Bar J's argument that bifurcation at this juncture promotes judicial economy. *See* Mot. at 6. Bar J claims that its enforcement-related attorney fees include fees incurred during this litigation -- specifically, the initial liability phase of this action should the Court decide to bifurcate this case in the manner Bar J requests. (Mot. at 4, 6) Assuming this case goes to trial, Bar J contends it will be easier for the Court to decide the amount and reasonableness of enforcement-related attorney fees once trial on liability is completed. However, Bar J's motion does not mention Section 30 of the ESA, which specifies:

> <u>Post-trial proceedings concerning costs and attorney's fees</u>. In the event that a party in the suit, action or proceeding obtains a result which is better than the last settlement offer it received during the mediation, the party shall be entitled to all court costs, other reasonable costs incurred in the litigation, and its actual reasonable attorney's fees incurred in connection with the dispute from the date of the initiation of the suit, action or proceeding. *The parties stipulate and agree that*

4

> *in connection with such a claim the mediator shall be the final decision maker* as to whether a party in the suit, action or proceeding obtains a result which is better than the last settlement offer it received during the mediation and a*s to the amount and reasonableness of costs and attorney's fees incurred from the date of the initiation of the suit, action or proceeding. If the mediator fails or refuses to decide, that court shall decide, and the mediator may be called as a witness and may testify or furnish affidavits in connection with any motions or hearings held by the court. If the judicial resolution of this case is between the final offers made by both sides, neither side shall be entitled to litigation expenses or attorney's fees under this provision, but shall be entitled to court costs if so assessed by the court.* It is the parties' intent and agreement that this procedure will occur after verdict or decision by the court, and that any award of costs and attorney's fees made under this provision will be included in the court's judgment.

ESA ¶ 30(d) (emphasis added). Should the Court determine that the ESA was binding on the parties during the time period at issue, the Court is concerned that bifurcating the trial in the manner suggested by Bar J disregards the procedure set forth in Section 30. Moreover, until the Court rules on the pending dispositive motions, there are simply too many unknowns regarding the trial of this matter, including which claims will remain at issue at that point.[2] Consequently, any benefits of bifurcation are at this point speculative. Bifurcating the trial in some manner may ultimately be the right course to take. However, it is too soon to make that determination, and too soon, if such a determination were made, to permit the Court to bifurcate the trial in a fair and efficient way. The Court will therefore deny Bar J's motion to bifurcate the trial, but will do so without prejudice to any party's ability to seek such relief at a later time.

As a final matter, Bar J also requests bifurcation of discovery related to enforcement-related attorney's fees, arguing that any such discovery "will likely cause an interference with the attorney/client relationship, could result in claims of breach of the attorney/client privilege" and result in "unnecessary disclosure [of] attorney work product." (Mot. at 5) However, Bar J does not indicate that discovery on the matter of attorney fees has been requested by opposing

---

[2] As noted above, Bar J's motions for summary judgment remain pending. ECF Nos. 103, 104, 105. In addition, Fisher's motion to dismiss is pending. ECF No. 101.

counsel. The Court, therefore, declines to bifurcate or phase discovery where the basis for doing so has not yet presented itself. The Court will deny Bar J's motion to bifurcate discovery without prejudice at this time.

However, the Court recognizes that should Fisher seek discovery on damages and specifically, attorney fees, Bar J may face a dilemma: failing to respond to Fisher's discovery requests could impair its ability to later seek these fees while producing the information may result in the release of sensitive attorney-client records. To alleviate these concerns, the Court will grant a stay of discovery on the matter of enforcement-related attorney fees at this time. The Court will reevaluate this stay of discovery after the pending dispositive motions are decided.

**D. Conclusion**

It is therefore ordered that Bar J's Motion to Bifurcate Issue of Attorneys' Fees for Enforcement of the Contract (ECF No. 60) is DENIED WITHOUT PREJUDICE. In addition, the Court will stay discovery as to enforcement-related attorney fees.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**