IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BAR J SAND & GRAVEL, INC.,
a New Mexico corporation,

    Plaintiff,

v.                                                                             Civ. No. 15-228 SCY/KK

FISHER SAND & GRAVEL CO.,
a North Dakota corporation, doing business
in New Mexico through its division
SOUTHWEST ASPHALT & PAVING,

    Defendant.

## MEMORANDUM OPINION AND ORDER

In its amended counterclaims, Defendant Fisher Sand & Gravel Co. ("Fisher") asserts that Plaintiff Bar J Sand & Gravel, Inc. ("Bar J") made misrepresentations that forced Fisher to abandon a stockpile of material that Fisher could have otherwise sold. Doc. 46 at 26-31. Fisher intends to have its Vice President, Michael Moehn, testify about the value of this stockpiled material. In its motion to strike (Doc. 159), Bar J argues that such testimony constitutes expert testimony, that Fisher did not provide sufficient disclosure regarding such testimony and, therefore, the Court should prohibit the testimony. Because Moehn's testimony will be subject to cross-examination and constrained by the disclosure provided by Fisher, the Court will not prohibit Moehn from testifying as to the value of the stockpiled material. Accordingly, the Court denies Bar J's motion to strike.

**I.    Background**[1]

This litigation stems from a supply agreement between Bar J and Fisher. Bar J's ability to enter into such a contract derived from a sand and gravel mining lease an entity not a party to this case, Bar J Trucking, Inc., had with the Pueblo of San Felipe. Doc. 38 at 3, doc. 46 at 2. In Count I of its amended counterclaims, Fisher asserts that Bar J misrepresented to Fisher that the lease between Bar J Trucking and San Felipe Pueblo would be renewed when, in fact, Bar J knew it would not. Doc. 46 at 23-31. As a result, Fisher alleges the non-renewal came as a surprise that caused it to abandon material it had stockpiled on Pueblo land. If sufficient notice of the non-renewal had been provided, Fisher claims it would have removed the stockpile, sold the stockpile, or reduced production so that there would have been no stockpile at the time the lease between Bar J Trucking and the Pueblo expired. Doc. 46 at 23, 27.

Fisher intends to present evidence of the value of this stockpiled material through its vice-president, Michael Moehn. Fisher designated Moehn as a Fed. R. Civ. P. 30(b)(6) witness (Doc. 167 at 3) and provided an "Expert Disclosure on Fisher's Affirmative Claims" regarding Moehn's expected damages testimony (Doc. 159, Exh. A). Specifically, the expert notice stated:

> Pursuant to Rule 26(a)(2)(C), Mr. Moehn will testify regarding the amount of damages that Fisher sustained as a result of having been forced by Bar J S&G to abandon a large stockpile of materials in or around January 2015. Specifically, Mr. Moehn will testify about the value of the inventory that Fisher was forced to abandon as well as the economic losses incurred by Fisher.
>
> Mr. Moehn will testify that the value of the inventory that Fisher was forced to abandon was $3,094,964.08. Mr. Moehn's testimony regarding the value of the inventory is based on his knowledge of the materials that were abandoned and the value of those materials.
>
> Mr. Moehn will testify that Fisher's economic losses were $2,551,573.44. Mr. Moehn's testimony regarding Fisher's economic losses is based on his knowledge

---

[1] The Court provided the factual and procedural background of this case in its September 29, 2017 Memorandum Opinion and Order. Doc. 180. Therefore, the Court will only provide the pertinent factual history relevant to the motion at issue.

> of the costs associated with the production of the materials that were abandoned as well as the amounts of the materials.

Doc. 159, Exh. A. Bar J argues that this expert notice is deficient and, as a result, requests the Court to strike the disclosure and prohibit Moehn from testifying regarding the value of the stockpiled inventory and about Fisher's economic losses that resulted from abandoning this inventory. Doc. 159.

**II.    Analysis**

Resolution of Bar J's motion to strike turns on whether Moehn is an expert witness and, if he is, whether he is the type described in Fed. R. Civ. P. 26(a)(2)(C), for whom limited disclosure is required, or the type described in Fed. R. Civ. P. 26(a)(2)(B), for whom more comprehensive disclosure is required. The Court easily concludes that Moehn's testimony is not the type for which comprehensive disclosure is required under Rule 26(a)(2)(B). Whether Moehn's testimony constitutes lay witness opinion testimony or expert testimony governed by Rule 26(a)(2)(C) is a closer question. The Court need not resolve this latter question, however, as it concludes that, regardless of which applies, Moehn's testimony should not be prohibited.

Rule 26(a)(2)(B) applies to experts "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." The Rule requires such experts to prepare a written report that meets a number of listed requirements. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). The record does not support a finding that Fisher employed or retained Moehn to provide expert testimony or that Moehn's duties regularly involve giving expert testimony. Rather, the record indicates that Moehn's regular duties during the time period in question included valuing the material Fisher produced and determining how much inventory to keep on hand. *See* Doc. 167 Exh. 4 at 2-4, Exh. 6 at 2-6;

Doc. 170-2 at 2-3. Thus, Moehn's testimony is not subject to the requirements of Rule 26(a)(2)(B).

Turning to whether Moehn's anticipated testimony constitutes lay witness opinion testimony or expert testimony governed by Rule 26(a)(2)(C), the Court initially notes that Fisher designated Moehn as a company representative pursuant to Fed. R. Civ. P. 30(b)(6). It asserts that Moehn "was actively involved in all aspects of the operation of the Mine, including but not limited to the sales prices, the financials, and the production." Doc. 167 at 8. Further, Fisher presents evidence that part of Moehn's responsibilities included pricing material and determining how much inventory to keep on hand. *Id*. at 8-9. Thus, Moehn appears to be the employee Fisher believes is most qualified to assess the value of the stockpiled inventory.

In its reply, Bar J disputes Fisher's assessed value of the stockpile. It argues that the stockpile is actually waste material. Doc. 170 at 3, 9. Bar J further attacks Fisher's valuation of the stockpile by noting that Fisher's valuation purportedly averages the value of various products without providing the underlying data to support its calculations -- thereby rendering its average valuation unreliable. Doc. 170 at 2, 4, 7. Bar J also argues Fisher's valuation is unreliable because no market actually existed for the stockpiled material Fisher claims it could have sold. Doc. 170 at 3. All of this may provide fertile ground for the cross-examination of Fisher's representative, Moehn, who will testify about how Fisher valued the stockpiled material. That Bar J has such avenues for cross-examination, however, does not mean that Moehn's testimony should be excluded on the basis that Fisher failed to provide sufficient disclosure of his expected testimony.[2]

---

[2] In defending against Fisher's argument that Bar J failed to contact Fisher to determine whether its motion was opposed, Bar J claims in its reply that "[s]ince this was a *Daubert* motion to strike the opinions, no request was made in advance as to whether Fisher would agree to the motion to strike." Doc. 170 at 1, n. 1. Bar J's motion, however, never cited *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509

4

Fisher asserts that its damages are based on factual information it provided Bar J as part of its initial disclosures and that support for these damages does not require expert testimony. Doc. 167 at 1. It claims that it only declared Moehn to be an employee expert out of an abundance of caution. *Id*. Moehn's damage testimony, it argues, "is not based on any scientific, technical, or other specialized knowledge" but rather on Moehn's "personal knowledge of Fisher's operations at the Mine . . .." Doc. 167 at 7. As such, Fisher asserts that Moehn's testimony falls within Federal Rule of Evidence 701, which provides that

> [i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Bar J argues that Fed. R. Evid. 701 does not apply to Moehn's proposed testimony because, in reaching his opinion, Moehn relied on information other Fisher employees provided rather than on his own perceptions. To the extent it was part of Moehn's job to rely on Fisher's business records and information from other employees to assess the value of inventory on hand, however, the Court concludes that Moehn's opinion was based on his perception. Bar J, of course, is permitted to attempt to impeach that perception by challenging the records and other information (or lack thereof)[3] on which it is based. The present issue, however, concerns

---

U.S. 579 (1993), *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999), or other cases the Court would expect to be cited in connection with a *Daubert* motion. Moreover, Bar J did not premise its motion on an argument that Moehn's testimony should be excluded because it is unreliable. Instead, it premised its motion on the argument that Fisher had provided inadequate disclosure with regard to Moehn. This fact is demonstrated in the opening sentence of Bar J's motion which reads, "[t]his motion addresses Defendant Fisher's perfunctory, inadequate expert disclosure that fails to meet the mandates of any subpart to Federal Rule of Civil Procedure 26's requirements for proffered expert testimony." Doc. 159 at 1. Thus, the Court does not consider Bar J's motion to be a *Daubert* motion. Further, while not justifying summary denial of Bar J's motion, the Court concludes that Bar J's failure to obtain Fisher's position violated D.N.M.LR-Civ. 7.1(a).

[3] Bar J validly complains that Fisher has not provided the data underlying the averages to which Moehn will testify. Bar J, however, presents no evidence that Fisher has withheld this information. Instead,

Fisher's alleged failure to disclose expert information. If Moehn is considered a Fed. R. Evid. 701 lay witness rather than a Fed. R. Evid. 702 expert witness, Bar J's argument based on Fed. R. Civ. P. 26(a)(2)(C) is a non-starter.

And, even if Moehn is a Fed. R. Evid. 702 witness whose expected testimony is governed by Fed. R. Civ. P. 26(a)(2)(C), Bar J loses. Expert disclosures not governed by Rule 26(a)(2)(B) are governed by Rule 26(a)(2)(C). While experts governed by Rule 26(a)(2)(C) do not have to provide a written report, they must provide "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii). Fisher's disclosure in this case provides the value of the inventory Moehn will testify Fisher was forced to abandon as well as the amount of economic losses Moehn will claim Fisher incurred. Doc. 159, Exh. A. Fisher's response makes clear that, in addition to the losses identified in its expert disclosure, Moehn will also testify as to the amount of aggregate Fisher claims it was forced to abandon and the average cost per ton of this aggregate – facts or opinions not contained in its expert disclosure. *See* Doc. 167 at 9 ("Mr. Moehn's testimony regarding Fisher's damages – testimony based on sales figures, production costs, and production – is thus based on personal knowledge."). As a result, Fisher's disclosure does not provide a complete summary of the facts and opinions to which Moehn is expected to testify.

This deficiency, however, does not warrant the severe sanction of prohibiting Moehn's testimony. As Fisher points out, it provided Bar J with the amount of aggregate Fisher claims it was forced to abandon and the average cost per ton of this aggregate in its initial disclosures. Further, Bar J used Fisher's business records to depose Moehn regarding the cost of production

---

Fisher acknowledges this information is discoverable but claims, despite looking for the information, it has been unable to locate it. Doc. 170-5, Exh. F. While troubling, Fisher's inability to produce this underlying data does not justify the exclusion of Moehn's testimony based on a failure to comply with Rule 26's disclosure requirements.

and the stockpile at issue. Doc. 167-4 at 2-4. Thus, the Court rejects Bar J's contention that Fisher's failure to provide additional disclosure forced it to go into Moehn's deposition "blind."

In sum, Bar J has failed to convince the Court that Fisher failed to disclose information sufficient to allow Bar J to meaningfully depose Moehn or that a failure to disclose information on the part of Fisher is so egregious that it warrants prohibiting Moehn from testifying regarding the value Fisher placed on the stockpiled material in question.

## III. Conclusion

Based on the foregoing, Bar J's Motion to Strike Fisher Sand & Gravel Co.'s Rule 26(a)(2)(C) Expert Disclosure and Prohibit the Witness' Testimony in this Matter (Doc. 159) is **denied.**

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent